IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES MICHAEL MAGNUSEN, #117637**                     **PETITIONER**

**VERSUS**                               **CIVIL ACTION NO. 1:08-cv-1392-HSO-JMR**

**RON KING**                                           **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner James Michael Magnusen, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of looting and grand larceny in Harrison County, Mississippi on December 10, 2007. Petitioner was sentenced to ten years, eight years suspended and two years to serve, in the custody of the Mississippi Department of Corrections. In his Response [9] to this Court's Order [3] inquiring into Petitioner's state court exhaustion, Petitioner stated that the only attempt to exhaust his available remedies is the present habeas petition.

Petitioner argues as grounds for habeas relief that he received an illegal sentence and/or miscalculation of his sentence. It appears that Petitioner is claiming that he served two years of his sentence and was discharged. Subsequently, Petitioner has been incarcerated in order to serve the suspended portion of his sentence and claims that he was not given credit for the two years

previously served. After reviewing Petitioner's application for habeas corpus relief [1] and giving it liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b), (c).

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.

2

*O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Petitioner may have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1 to -29 (1972).[1] This Court makes no determination about whether or not Petitioner meets the procedural requirements to file in state court.

Based on the foregoing, Petitioner has not exhausted his state remedies since he has stated such in his Response [9] to this Court's Order [3]. As such, Petitioner's application will be dismissed for failure to exhaust his available state remedies. A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

**SO ORDERED AND ADJUDGED,** this the 19th day of May, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[1] A prisoner may bring an action under the Mississippi Post-Conviction Collateral Relief Act if "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." MISS. CODE ANN. § 99-29-5(g) (1972).